IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANIEL COX                                                                                          PLAINTIFF

vs.                                                                                         No. 1:06CV97-D-D

FOUNDATION SURGERY CENTER OF
SAN ANTONIO, L.L.P. d/b/a PHYSICIAN'S
AMBULATORY SURGERY CENTER; et al.                                                   DEFENDANTS

OPINION DENYING MOTION TO DISMISS

Presently before the court is the Defendants' motion to dismiss. Upon due consideration, the court finds that the motion should be denied.

*A. Factual and Procedural Background*

In 2005, the Plaintiff, a Mississippi resident, entered into negotiations with the Defendant Foundation Surgery Center for the Plaintiff, a prospective medical patient, to utilize the Surgery Center's San Antonio, Texas, facility for a surgical procedure. During those negotiations, the Plaintiff avers that the Surgery Center called him in Mississippi and fraudulently represented the amount that use of the subject facility would cost the Plaintiff. After his surgery, the Plaintiff filed this action on February 28, 2006, seeking to recover damages for breach of contract and fraudulent misrepresentation.

The Defendants have now filed a motion to dismiss, seeking to have the Plaintiff's claims against them dismissed for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

*B. Discussion*

1. Personal Jurisdiction

The Defendants, which are not Mississippi residents, assert that this court lacks personal

jurisdiction over them. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997). The plaintiff satisfies this burden by presenting a prima facie case that the court may properly exercise personal jurisdiction over the defendant under both the Mississippi long-arm statute and the due process principles of the Fourteenth Amendment to the United States Constitution. Allred, 117 F.3d at 281; Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). In determining whether the plaintiff has met this burden, the court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve all factual conflicts in favor of the plaintiff. Latshaw, 167 F.3d at 211.

In federal diversity actions, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry. First, the law of the forum state must provide for the assertion of jurisdiction; second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's due process clause. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).

a. Mississippi's Long Arm Statute

Mississippi's long arm statute, codified at section 13-3-57 of the Mississippi Code, spells out the circumstances under which Mississippi courts may properly exercise in personam jurisdiction. Section 13-3-57 provides in pertinent part that "any non-resident person . . . who shall . . . commit a tort in whole or in part in this state . . . shall by such act or acts be deemed to be doing business in Mississippi [and therefore be subject to the jurisdiction of Mississippi's courts]." Miss. Code Ann. § 13-3-57.

In Mississippi, a tort is not considered complete until an injury has occurred; if the injury

2

occurs in the state, then the tort is committed, at least in part, in this state, and the exercise of in personam jurisdiction of the nonresident tortfeasor is appropriate. Allred, 117 F.3d at 282; Mize v. Harvey Shapiro Enters., Inc., 714 F. Supp. 220, 222-23 (N.D. Miss. 1989). Here, the Plaintiff has alleged that the Defendants telephoned the Plaintiff here in Mississippi and intentionally and fraudulently misrepresented to him the amount it would cost him to use the subject surgical facility, and that the Plaintiff was thereby induced to use the facility and suffered injuries here in Mississippi as a result of the fraudulent phone call; thus, argues the Plaintiff, the Defendants committed a tort in the State of Mississippi.

In accordance with the above-denoted authorities, the court finds that the Plaintiff's allegations are sufficient to establish a prima facie case of personal jurisdiction under the "tort" prong of Mississippi's long-arm statute. Thompson, 755 F.2d at 1168; Brown v. Flowers Indus., Inc., 688 F.2d 328, 333 (5th Cir. 1982); Internet Doorway, Inc. v. Parks, 138 F. Supp. 2d 773, 774 (S.D. Miss. 2001). The Plaintiff has adequately alleged that he suffered injury in this state as a result of the Defendants' actions. Thus, pursuant to Mississippi's long-arm statute, this court's exercise of personal jurisdiction is appropriate over the subject Defendants.

### b. Due Process and Personal Jurisdiction

Resolution of the issue regarding the reach of Mississippi's long-arm statute does not end the court's inquiry, however. The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant only when that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326

U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

As for minimum contacts, it is not unfair to require a nonresident to defend itself in the courts of the forum state if it engaged in activities that will "support an inference that the nonresident defendant purposefully availed [itself] of the benefits of conducting business in the forum." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980); Thompson, 755 F.2d at 1170; see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-74, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985) (holding that "[w]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."). The defendant's contacts with the forum state, however, must be such that he "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen, 444 U.S. at 297.

The minimum contacts prong of the inquiry may be further subdivided into contacts that give rise to either "general" or "specific" jurisdiction over a nonresident defendant. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. Helicopteros, 466 U.S. at 414.

When the exercise of general jurisdiction is inappropriate, as it appears to be here, a court may exercise specific jurisdiction if the suit "is related to or arises out of" the defendant's contacts with the forum state; even a single purposeful contact may be sufficient. Helicopteros, 466 U.S. at

4

414; Thompson, 755 F.2d at 1172; Brown, 688 F.2d at 333-34. Likewise, an act done outside the state that has consequences within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the defendant knew that its acts would have an impact on the plaintiff in the forum state or if it was highly likely that such effects would follow from the nonresident defendant's conduct. Calder v. Jones, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 804 (1984). The court now turns to the Plaintiff's specific allegations concerning the Defendants' activities in Mississippi.

The Plaintiff asserts that the Defendants telephoned the Plaintiff here in Mississippi and fraudulently misrepresented the true cost of using the subject surgical facility, and as a result, induced the Plaintiff to use the facility for a surgical procedure. The Plaintiff then in fact used the subject facility and allegedly suffered damages here as a result of the Defendants' conduct.

The court finds that such a contact qualifies as the minimum contact necessary to state a prima facie case for personal jurisdiction. See FCA Investments Co. v. Baycorp Holdings, Ltd., 48 Fed. Appx. 480, at *3 (5th Cir. 2002) (holding that "[i]n cases alleging the intentional tort of fraud, the defendant's participation in a single telephone call is enough to establish personal jurisdiction if the content of the call gave rise to the fraud claim."); Lewis v. Fresne, 252 F.3d 352, 358-59 (5th Cir. 2001); Brown, 688 F.2d at 332-33 (holding that a single telephone call initiated by the defendant was sufficient to confer personal jurisdiction); Thompson, 755 F.2d at 1172; Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999). Due to this finding, the court must now evaluate the fairness of the exercise of personal jurisdiction over the Defendants and ensure that it is reasonable to require the Defendants to defend this suit in Mississippi. World-Wide Volkswagen, 444 U.S. at 292.

5

Once it has been shown that a defendant has purposefully established adequate minimum contacts within the forum state, the exercise of personal jurisdiction is deemed fair unless the defendant presents a compelling case that the court's exercise of jurisdiction is unreasonable. Burger King, 471 U.S. at 477-78; Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 207 (5th Cir. 1996). Moreover, if a defendant purposefully avails itself of the benefits and protection of the forum state's laws by engaging in activity outside the state that bears reasonably foreseeable consequences in the state, maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. Mississippi Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir. 1982).

Here, the court finds that its exercise of jurisdiction in this matter is neither unfair nor unreasonable. The Defendants have not shown that litigating this matter in Mississippi presents an unreasonable burden. Given the extent of their contact with Mississippi in connection with the allegations that are the subject of this litigation, the Defendants could and should have reasonably foreseen being haled into Mississippi's courts.

In sum, the court concludes that the Plaintiff has presented a prima facie case for personal jurisdiction and that the exercise of personal jurisdiction over the subject Defendants is constitutionally permissible. Therefore, the Defendants' motion to dismiss due to lack of personal jurisdiction shall be denied.

## C. Conclusion

In sum, the court finds that the Plaintiff has established that the court may exercise personal jurisdiction over the Defendants Foundation Surgery Center of San Antonio, L.L.P. d/b/a Physician's Ambulatory Surgery Center and Physician's Ambulatory Surgery Center. Thus, the court holds that

the Defendants' motion to dismiss shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 8thday of November 2006.

/s/ Glen H. Davidson<br>Chief Judge